IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JEFFREY MICHAEL PUGH, # 06793-003, | * * * | |
| Petitioner, | * * | |
| vs. | * * | CRIMINAL NO. 09-00142-WS-B CIVIL ACTION NO. 16-00178-WS-B |
| UNITED STATES OF AMERICA, | * * | |
| Respondent. | * | |

**REPORT AND RECOMMENDATION**

Pending before the Court is Petitioner Jeffrey Michael Pugh's[1] Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 43), and the Government's Motion to Dismiss (Doc. 44). This action was referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b) of the Rules Governing Section 2255 Cases and is now ready for consideration.[2] Having carefully reviewed the record, the undersigned finds that no evidentiary

---

[1] In various filings, Petitioner's name is also spelled Jeff*ery* Michael Pugh. (See, e.g., Doc. 40) (emphasis added). Petitioner has also apparently used the alias Jeffrey Edward Pugh. (See Doc. 29).

[2] The Honorable United States District Judge William H. Steele presided over the proceedings in this action. The undersigned has reviewed Pugh's motion and all other relevant documents in the Court's file and has fully familiarized herself with the proceedings before Judge Steele.

hearing is necessary for the disposition of this matter.[3] Upon consideration, the undersigned hereby recommends that Pugh's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 be **DENIED**, that this action be **DISMISSED**, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Jeffrey Michael Pugh. The undersigned also recommends that should Pugh file a certificate of appealability, it should be denied, as he is not entitled to appeal *in forma pauperis.*

I. <u>**BACKGROUND**</u>

Pugh was indicted on June 25, 2009, for one count of bank robbery by force or violence, in violation of 18 U.S.C. § 2113(a). (Doc. 13). On August 10, 2009, Pugh entered a Notice of Intent to Plead Guilty to bank robbery. (Doc. 22). On November 4, 2009, the United States Probation and Pretrial Services System generated a presentence investigation report that detailed Pugh's criminal history, among other things. (Doc. 29). Specifically, the report reflected that Pugh's criminal history included two prior convictions for bank robbery. (Id. at 11-12).[4] Based on his prior

---

[3] A district court is not required to hold an evidentiary hearing on patently frivolous claims, claims that are based upon unsupported generalizations, or claims that are affirmatively contradicted by the record. Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989).

[4] In 1998, Pugh was convicted of three counts of bank robbery in the United States District Court for the Southern District of

criminal activities, Pugh was categorized as a career offender pursuant to § 4B1.1(b) of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). (Id. at 12-13).

On March 26, 2010, Pugh was sentenced to 151 months' incarceration. (Doc. 40). Pugh did not appeal his sentence. (Doc. 43 at 2). On April 21, 2016, Pugh filed the instant motion seeking post-conviction relief under 28 U.S.C. § 2255.[5] (Doc. 43). Pugh's sole argument is that his sentence is unconstitutional in light of the United States Supreme Court's rulings in Johnson v. United States, 135 S. Ct. 2551 (2015), and Welch v. United States, 136 S. Ct 1257 (2016). Specifically, Pugh avers that his "prior offenses are invalidated from being used to enhance [his] federal sentence[]" because of the Supreme Court's holding in Johnson that the residual clause of the Armed Career Criminal Act (hereinafter "ACCA"), 18 U.S.C. § 924, *et. seq.*, is unconstitutionally vague. (Doc. 43 at 4). The Government, in its Motion to Dismiss, contends that Johnson is inapplicable to Pugh's case and that Pugh's case is therefore barred by the statute of limitations. (Doc. 44).

---

Mississippi. (Doc. 29 at 11). In 2003, Pugh was convicted of bank robbery in the United States District Court for the Southern District of Alabama. (Id. at 12).

[5] Under the mailbox rule, absent contrary evidence, a prisoner's motion is deemed filed on the date it is delivered to prison officials for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). (See Doc. 43 at 10).

3

On May 13, 2016, Pugh filed an unopposed motion to stay proceedings pending further guidance from the Eleventh Circuit Court of Appeals or the Supreme Court on the applicability of Johnson to the U.S.S.G. (Doc. 46). The Court granted that motion on August 2, 2016.[6] (Doc. 47). This motion is now ripe for review.

II. **HABEAS STANDARD**

The limited scope of habeas relief is well established, as this Court has recognized:

> Collateral relief is an extraordinary remedy which "may not do service for a[ ] [direct] appeal." United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982); see also Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) ("Courts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal."). A defendant who has waived or exhausted his right to appeal is presumed to stand "fairly and finally convicted." Frady, 456 U.S. at 164. Unless a claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained extremely limited. United States v. Addonizio, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979). Consequently, "[i]f issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. . . . A defendant is, of course, entitled to a hearing of his claims, but not to duplicate hearings. The appellate process does

---

[6] Pursuant to the Court's August 2, 2016 order staying this action, the parties were to file a status report within seven days of the Eleventh Circuit Court of Appeals' decision on the petition for rehearing en banc in United States v. Matchett, 802 F.3d 1185, 1193-96 (2015), reh'g denied, 837 F.3d 1118 (11th Cir. 2016) (en banc), cert. denied, 137 S. Ct. 1344 (2017). The Eleventh Circuit denied the petition for rehearing en banc in Matchett on September 13, 2016; however, the parties failed to file a status report as ordered. Nevertheless, in view of the holding in Matchett and the Supreme Court's subsequent ruling in Beckles v. United States, 137 S. Ct. 886 (2017), this motion is now ripe for review.

4

not permit reruns." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979).

United States v. Evans, 2008 U.S. Dist. LEXIS 59836, at *8-9, 2008 WL 3200694, at *3 (S.D. Ala. Aug. 6, 2008) (quotation marks in original).

### III. DISCUSSION

Pugh raises a single claim in his petition for relief – that the Court erred in enhancing his sentence as a career offender pursuant to the ruling in Johnson v. United States, 135 S. Ct. 2551 (2015), which was held to be retroactive in cases on collateral review in Welch v. United States, 136 S. Ct 1257 (2016). (Doc. 43 at 4). For the reasons set forth below, the Court finds that Pugh's claim is without merit.

    **A.** **Johnson v. United States is not applicable to this matter.**

In his Motion to Vacate, Pugh claims that the Court erred in applying the U.S.S.G.'s career offender enhancement because, at the time of his sentencing, § 4B1.2(a) of the U.S.S.G. included a residual clause defining a "crime of violence" that was identical to the residual clause in the ACCA that the Supreme Court in Johnson found void for vagueness. (Doc. 43 at 4). However, a review of the record reflects that Johnson is inapplicable to the instant case.

In Johnson, the Supreme Court held that the residual clause of the ACCA, set forth in 18 U.S.C § 924(e), is unconstitutionally

5

vague because it creates "uncertainty about how to estimate the risk posed by a crime[ ]" and also "leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony."[7] Johnson, 135 S. Ct. at 2557-58, 2563.  The Johnson Court held that the imposition of an enhanced sentence under the ACCA's residual clause with respect to an individual who pleaded guilty to 18

---

[7] The Supreme Court explained the ACCA's residual clause as follows:

> Federal law forbids certain people—such as convicted felons, persons committed to mental institutions, and drug users—to ship, possess, and receive firearms. § 922(g).  In general, the law punishes violation of this ban by up to 10 years' imprisonment.  § 924(a)(2).  But if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life.  § 924(e)(1); Johnson v. United States, 559 U.S. 133, 136, 130 S. Ct. 1265, 176 L. Ed. 2d 1 (2010).  The Act defines "violent felony" as follows:
>
>> "any crime punishable by imprisonment for a term exceeding one year ... that—
>>
>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>>
>> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." § 924(e)(2)(B) (emphasis added).
>
> The closing words of this definition, italicized above, have come to be known as the Act's residual clause.

Johnson, 135 S. Ct. at 2555-56.

6

U.S.C. § 922(g), which prohibits a convicted felon from possessing a firearm, violated the Constitution's guarantee of due process. Id. In Welch, the Supreme Court held that Johnson is a substantive decision which has retroactive effect in cases on collateral review. Welch, 136 S. Ct. at 1265, 1268.

In Beckles v. United States, 137 S. Ct. 886 (2017), the Supreme Court addressed the constitutionality of the residual clause in § 4B1.2(a) of the 2006 version of the U.S.S.G., which was "identically worded" to the residual clause in the ACCA that the Court had found unconstitutionally vague in Johnson.[8] Beckles,

---

[8] The 2008 version of the Guidelines, which were in effect when Pugh was sentenced, contained the same residual clause as the 2006 version at issue in Beckles. The 2008 version provided that a defendant was classified as a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a) (2008). The term "crime of violence" was defined as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding on year, that --
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves*

7

137 S. Ct. at 890. The Court in Beckles held that the Guidelines "are not subject to vagueness challenges under the Due Process Clause" because "they merely guide the district courts' discretion." Id. at 890, 894. In so holding, the Court rejected Pugh's specific argument, based on Johnson, *supra*, that the residual clause in § 4B1.2(a)(2) of the 2008 advisory Guidelines is void for vagueness. Indeed, before the Supreme Court decided Beckles, the Eleventh Circuit likewise held that Johnson did not invalidate the residual clause in § 4B1.2(a)(2) of the Guidelines. See United States v. Matchett, 802 F.3d 1185, 1193-96 (2015), reh'g denied, 837 F.3d 1118 (11th Cir. 2016) (en banc), cert. denied, 137 S. Ct. 1344 (2017); see also United States v. Kirk, 636 F. App'x 548, 550 (11th Cir. 2016) (stating that "nothing in Johnson precludes the application of the offense level increases or enhancements in the advisory sentencing guidelines").

In the instant case, Pugh pleaded guilty to 18 U.S.C. § 2113(a), bank robbery by force or violence. He was not sentenced under the ACCA, but was instead sentenced pursuant to the advisory sentencing Guidelines. Under the advisory Guidelines, Pugh's range was increased because he was designated a career offender in

---

*conduct that presents a serious potential risk of physical injury to another.*

U.S.S.G. § 4B1.2(a) (2008) (emphasis added).

8

accordance with the provisions of U.S.S.G. § 4B1.1. (Doc. 29 at 6, 13, 20; Doc. 40 at 2). Because Pugh was not sentenced under the ACCA, his Johnson claim challenging the enhancement to his sentence under the advisory Guidelines is clearly foreclosed by Beckles, Matchett, and Kirk. Accord Hancock v. United States, 2018 U.S. Dist. LEXIS 45784, at *5, 2018 WL 1404900, at *2 (S.D. Ala. Feb. 16, 2018), report and recommendation adopted, 2018 U.S. Dist. LEXIS 44969, 2018 WL 1404400 (S.D. Ala. Mar. 20, 2018).

**B. Pugh's prior bank robbery offenses qualify as crimes of violence under U.S.S.G. § 4B1.2(a)(1)'s elements clause.**

In relying on Johnson, Pugh appears to assume that he was designated a career offender by operation of U.S.S.G. § 4B1.2(a)(2)'s residual clause. However, Pugh has prior convictions for bank robbery by force or violence in violation of 18 U.S.C. § 2113(a). (See Doc. 29 at 11-12); see also United States v. Pugh, No. 97-cr-00057-WJG-1 (S.D. Miss. 1997) (sentencing held Apr. 8, 1998); United States v. Pugh, No. 97-cr-00058-WJG-1 (S.D. Miss. 1997) (sentencing held Apr. 8, 1998); United States v. Pugh, 02-cr-00201-CG-C-1 (S.D. Ala. 2002) (sentencing held Feb. 27, 2003). A § 2113(a) offense includes as an element the use of force and violence or intimidation and qualifies as a crime of violence under § 4B1.2(a)(1), known as the "elements clause." See United States v. Jenkins, 651 F. App'x 920 (11th Cir. 2016) ("[A] § 2113(a) offense qualifies under the

9

elements clause. To qualify under the elements clause, an offense must have as an element 'the use, attempted use, or threatened use of physical force against the person of another.' U.S.S.G. § 4B1.2(a)(1)."). Thus, Pugh's prior bank robbery offenses qualified as crimes of violence under § 4B1.2(a) by operation of the elements clause, regardless of the applicability of Johnson or the constitutionality of § 4B1.2(a)(2)'s residual clause.

Accordingly, Pugh's motion to vacate (Doc. 43) is due to be **DENIED**.

IV. **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be **DENIED**. 28 U.S.C. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a habeas petition is dismissed on procedural grounds, without reaching the merits of an underlying constitutional claim,

"a COA should issue [only] when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where a habeas petition is being denied on the merits of the underlying constitutional claims, as in this case, a certificate of appealability should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.; see also id. at 483-84 ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot[ v. Estelle, 463 U.S. 880, 893 (1983)], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks omitted); accord Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Pugh's petition does not warrant the issuance of a Certificate of Appealability. Reasonable jurists could not debate whether Pugh's claims should be resolved in a different manner or that Pugh deserves to proceed further. The recommendation that Pugh's claim be denied is based on the straightforward application of

11

clear Circuit and Supreme Court precedent, and no reasonable jurist could differ on the appropriate disposition of his claim on the record presented. As a result, Pugh is not entitled to a certificate of appealability and, consequently, he should not be permitted to proceed *in forma pauperis* on appeal.

## V. CONCLUSION

For the foregoing reasons, it is recommended that Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. 43) be **DENIED,** that this action be **DISMISSED,** and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Jeffrey Michael Pugh. The undersigned Magistrate Judge further opines that Petitioner is not entitled to the issuance of a certificate of appealability or the option to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in

accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **6th** day of **May, 2019.**

                                       **/s/ SONJA F. BIVINS**
                                 **UNITED STATES MAGISTRATE JUDGE**